IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY P. MARTIN,  )<br>     Plaintiff,   )<br>   )<br>vs.   )   No. 3:23-CV-2183-G-BH<br>   )<br>THE UNITED STATES, ET AL.,  )<br>     Defendants.   )   Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

**I. BACKGROUND**

Timothy P. Martin (Plaintiff) sues the United States of America (USA), the State of Texas (State), and the attorney who represented him in the underlying state criminal proceedings which resulted in his 1990 conviction for theft and term of imprisonment (Attorney) (Defendants). (*See generally* docs. 3; 9; 10.)

According to Dallas County public records, Plaintiff was charged with theft of property valued between $750.00 and $20,000.00 on May 4, 1990. On June 22, 1990, he entered a guilty plea and was sentenced to ten years of probation and ten years in prison, but the prison term was suspended. For reasons unclear from the record, the disposition was amended on September 11, 1990, and Plaintiff was sentenced to life in prison. He ultimately served twenty-seven years and was released in 2017. (doc. 3 at 3.)[2] While in prison, Plaintiff challenged his conviction a number of times on various grounds. *See, e.g.*, *In re Martin*, No. 01-09-00175-CV, 2010 WL 376028, at *2 n.6

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(noting that Plaintiff had filed an affidavit "describing 29 suits that he had previously filed pro se"). He also claims that in "2019 or 2020," he brought a suit similar to this one in Dallas County civil court. (doc. 3 at 3–4.)

Plaintiff alleges that he was incompetent to stand trial or to enter the guilty plea. (*Id.* at 3.) He claims that Attorney knew of his mental infirmities and failed to bring them to the state court's attention. (*Id.*) He also alleges that the USA and State, through their largely unidentified employees, violated his rights by accepting the guilty plea and ultimately imposing the sentence he received. (*Id.* at 3–4.) Plaintiff seeks five million dollars in monetary damages. (doc. 10 at 10.) He also seeks "injunctive relief to restore [the] status quo" against Attorney. (*Id.* at 12.)

## II. PRELIMINARY SCREENING

Because he is proceeding *in forma pauperis* (*see* doc. 6), Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly

2

dismissed," pursuant to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Courts "may raise the defense of limitations *sua sponte*." *Stanley*, 464 F.3d at 568 (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

### III. IMMUNITY

Plaintiff appears to sue the USA and State.[3]

### A. Federal Sovereign Immunity

Plaintiff sues the USA under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (doc. 3 at 5.) In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *See id.* at 397. *Bivens* mirrors but is not "'the substantial equivalent of 42 U.S.C. § 1983.'" *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) (citation omitted).[4]

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity protects the United States from constitutional claims asserted under *Bivens*. *See Affiliated Pro. Home Health Care Agency v.*

---

[3] In a magistrate judge's questionnaire, the plaintiff was given notice that neither the USA nor State could be sued under the theories asserted by Plaintiff in his complaint, and he was provided an opportunity to name additional defendants. (doc. 10 at 5–6.) He declined to do so and expressed his desire to dismiss the claims against the governmental defendants, (*id.*), but the claims are addressed briefly in an abundance of caution.

[4] *Bivens* is extends the protections afforded under § 1983 to parties injured by federal actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). "Because *pro se* complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff." *Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M-BH, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) (internal citation omitted).

3

*Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380–81 (5th Cir. 1987). Plaintiff's claims based on respondeat superior also fail because *Bivens* provides no basis to hold the United States liable based on that theory. *See Cronn v. Buffington*, 150 F.3d 538, 544–45 (5th Cir. 1998). Plaintiff's *Bivens* claims against the USA should be dismissed.

**B.**     **Eleventh Amendment Immunity**

Plaintiff sues the State under 42 U.S.C. § 1983. (doc. 3 at 5.) That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328–29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT & T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit here, nor has Congress abrogated the Eleventh Amendment immunity by enacting § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, Plaintiff alleges that the Texas Tort Claims Act (TTCA) waives Eleventh Amendment immunity in this case. (doc. 3 at 5.) The Fifth Circuit has determined that the TTCA "waives sovereign immunity in state court only", however. *See Sherwinski v. Peterson*, 98 F.3d 849 (5th Cir. 1996). A plaintiff cannot sue the State in federal court under the TTCA absent an express waiver of the immunity. *Horttor v. Livingston*, No. 1:16-CV-214-BL, 2019 WL 2287903, at *5 (N.D. Tex. May 29, 2019).

Because the State has not waived its sovereign immunity, Plaintiff's claims against it are barred under the Eleventh Amendment and should be dismissed.

## IV. LIMITATIONS

Plaintiff sues against Attorney under § 1983 and state tort law. (*See, e.g.*, doc. 3 at 3–4.)

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in a § 1983 case. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, and Plaintiff therefore had two years from the date that his § 1983 claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653

5

(5th Cir. 2000).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 387; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). In general, a claim accrues "when the plaintiff has 'a complete and present cause of action' or, stated differently 'when the plaintiff can file suit and obtain relief.'" *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> Under federal law, the [limitations] period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Moreover, because it also sounds in personal injury, Plaintiff's negligence claim is subject to the same two-year limitations period. Tex. Civ. Prac. & Rem. Code § 16.003; *accord Zidell v. Bird*, 692 S.W.2d 550, 553 (Tex. App.—Austin 1985, no writ) (noting that "it is undisputed that the two-year statute of limitations … applies to the three instances of negligence alleged"). To the extent Plaintiff asserts a claim of legal malpractice against Attorney, that claim is also subject to a two-year statute of limitations. *See Zive v. Sandberg*, 610 S.W.3d 44, 48 (Tex. App.—Dallas 2020, no pet.) (citing *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988)). "The discovery rule applies to legal malpractice claims, so such a claim accrues when the claimant discovers or reasonably should have discovered the facts establishing the claim's elements." *Id.* Additionally, Plaintiff's claims for fraud

6

and misrepresentation are governed by a four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.004; *accord Bardere v. Hughes, Watters & Askanase, LLP*, No. 3:12-CV-5125-M-BK, 2013 WL 12126276, at *1 (N.D. Tex. Mar. 8, 2013).

Plaintiff alleges that the limitations period was tolled as a result of Attorney's fraudulent concealment. (doc. 10 at 8.) In Texas, fraudulent concealment can toll the statute of limitations. *See Lilly v. Tex. Dep't of Crim. Just.*, 472 S.W.3d 411, 420 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011)). "The elements of fraudulent concealment are: (1) existence of an underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception." *Id.* (citing *Markwardt v. Tex. Indus., Inc.*, 325 S.W.3d 876, 895 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). "The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry which, if pursued, would lead to discovery of the concealed cause of action." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (internal quotation marks omitted) (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983)).

Here, Plaintiff has failed to plead any facts to establish the elements of fraudulent concealment. He does not allege any facts to show that Attorney used deception to conceal the underlying tort, and it is not even clear from what information he is claiming Attorney kept from him. He has therefore not provided a basis for tolling the statute of limitations, which has long since expired. Moreover, Plaintiff admits that he "has filed legal actions complaining of these matters while in prison." (doc. 9 at 2.) He therefore knew of these facts prior to 2017, when he was released from prison. (doc. 3 at 3.) His claims accrued six years ago at the very latest, and any "estoppel

7

effect of fraudulent concealment" ended then as well. *See Etan Indus.*, 359 S.W.3d at 623. Plaintiff's claims against Attorney should be dismissed as time-barred.

## V. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). A verified questionnaire allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").

Here, Plaintiff has responded to a questionnaire and has had ample opportunity to amend his complaint. He has therefore pleaded his best case, and further leave to amend is not warranted.

## VI. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice.

**SO RECOMMENDED** on this 14th day of November, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9