IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY P. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:23-CV-2183-G-BH |
| THE UNITED STATES, ET AL., ) | |
| ) | |
| Defendants. ) | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 14, 2023, the magistrate judge issued her Findings, Conclusions, and Recommendation ("FCR"), recommending that the plaintiff's complaint be dismissed with prejudice. *See generally* docket entry 13. The plaintiff has subsequently filed a document entitled "Motion for Leave of Court to Supplement the Record with Newly Discovered Evidence of No Bill" which the court construes, liberally, as a motion to amend the complaint. *See generally* docket entry 14; see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (noting that a document filed *pro se* is "to be liberally construed").

Initially, the plaintiff's request to amend does not comply with this district's local rules. Specifically, Northern District of Texas Local Rule 15.1 requires a party seeking leave to amend to attach a copy of the proposed amended complaint as an exhibit to the motion. The plaintiff, however, did not attach a copy of his proposed amended complaint to his motion. This alone is sufficient cause to deny his motion for leave to amend. See *Shabazz v. Franklin*, No. 3:04-CV-0602-N, Findings, Conclusions, and Recommendation of the United States Magistrate Judge (docket entry 15) at 6 (N.D. Tex. March 8, 2005) (Ramirez, J.) (holding that denial of a *pro se* party's motion to amend is proper if the party did not file a copy of the proposed amended complaint), *rec. adopted*, 380 F. Supp.2d 793 (N.D. Tex. 2005) (Godbey, J.).

Further, even considering the merits of the motion, while Federal Rule of Civil Procedure 15(a) requires a trial court to grant leave to amend freely, leave to amend is in no way automatic. See *Marucci Sports, L.L.C. v. National Collegiate Athletic Association*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment.'" *Id*. (citation omitted). Denying a motion to amend is not an abuse of discretion if allowing an

amendment would be futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108 (2004). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Id*.

The court determines that the plaintiff's proposed amendment would be futile here. The plaintiff seeks to supplement his complaint and the attachments thereto by including a copy of the grand jury's no bill in his underlying state criminal case. *See* docket entry 14 at 1. He contends that this documents proves that his attorney provided ineffective assistance and fraudulently concealed that fact such that the statute of limitations is tolled. However, the introduction of this document does not satisfy the plaintiff's burden of establishing fraudulent concealment, because it does not establish that the plaintiff's attorney used deception to conceal facts supporting the plaintiff's ineffective assistance of counsel claim. See *Welk v. Simpkins*, 402 Fed. Appx. 15, 18 (5th Cir. 2010) (per curiam). Moreover, this new evidence does not alter the conclusion that the plaintiff became aware of any purported deception by his attorney years ago, thereby defeating the estoppel effect of the doctrine of fraudulent concealment. See *id*. Thus, because the plaintiff's proposed amendment still fails to state a claim, the request to amend is **DENIED** as futile.

Accordingly, the undersigned is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the

Findings and Conclusions of the court.  By separate judgment, the plaintiff's complaint will be dismissed with prejudice.

**SO ORDERED**.

December 8, 2023.

_____
**A. JOE FISH**
**Senior United States District Judge**